Great Lakes Insurance SE v. American Steamship Owners Mutual

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of May, two thousand twenty one.

Present:     JON O. NEWMAN,
                   GUIDO CALABRESI,
                   ROSEMARY S. POOLER,
                            *Circuit Judges*.

_____

GREAT LAKES INSURANCE SE, IN ITS OWN RIGHT
AND/OR AS SUBROGEE OF PACIFIC GULF SHIPPING CO.,

                            *Plaintiff-Appellant*,

                   v.                                                      20-3057-cv

AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION
AND INDEMNITY ASSOCIATION, INC., A/K/A THE AMERICAN
CLUB, SHIPOWNERS CLAIMS BUREAU, INC.,
GEORGE GOURDOMICHALIS, EFSTATHIOS GOURDOMICHALIS,

                            *Defendants-Appellees*.

_____

For Appellant:          George M. Chalos, Chalos & Co., P.C. (Briton P. Sparkman, *on the brief*), Oyster Bay, N.Y.

For Appellees:         Robert J. Brown, Brown Gavalas & Fromm LLP (Michael P. Naughton, *on the brief*), New York, N.Y. *for* Defendants-Appellees American Steamship Owners Mutual Protection and

Indemnity Association, Inc., a/k/a The American Club and Shipowners Claims Bureau, Inc.

William R. Bennett, III, Blank Rome LLP (Lauren B. Wilgus, *on the brief*), New York, N.Y. *for* Defendants-Appellees George Gourdomichalis and Efstathios Gourdomichalis.

Appeal from the United States District Court for the Southern District of New York (Abrams, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Great Lakes Insurance SE ("Great Lakes") appeals from the August 6, 2020, judgment of the United States District Court for the Southern District of New York (Abrams, *J.*) dismissing its lawsuit against American Steamship Owners Mutual Protection and Indemnity Association, Inc., Shipowners Claims Bureau, Inc., George Gourdomichalis, and Efstathios Gourdomichalis (collectively, "Defendants") for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"When reviewing a district court's determination of subject matter jurisdiction pursuant to Rule 12(b)(1), we review factual findings for clear error and legal conclusions *de novo*." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).[1] The federal judicial power extends "to all Cases of admiralty and maritime Jurisdiction." U.S. CONST. art. III, § 2, cl. 1. Congress codified that jurisdiction at 28 U.S.C. § 1333(1), which gives federal district courts original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." To invoke jurisdiction pursuant to § 1333(1) over a tort claim, the claim "must satisfy conditions both of location and of connection with maritime activity." *Tandon*, 752 F.3d at 247 (quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995)). The location test is satisfied if "the tort occurred on navigable water" or "injury suffered on land was caused by a vessel on navigable water." *Id*.

Great Lakes asserted tort claims "based on Defendants' alleged conspiracy to wrongfully abandon the M/V ADAMASTOS (the 'Vessel') in Brazil and to improperly terminate the Vessel's insurance coverage." *Great Lakes Ins. SE v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n Inc.*, No. 19-CV-10656, 2020 WL 4547218, at *1 (S.D.N.Y. Aug. 6, 2020). Although the negligent abandonment of a commercial vessel on navigable water might give rise to admiralty jurisdiction, Great Lakes' complaint does not allege that this Vessel's abandonment, as opposed to its prior detention or the termination of its insurance, caused Great Lakes' injury. Indeed, when the complaint mentions abandonment, it explicitly alleges that Defendants "abandoned the Vessel . . . rather than honor their respective obligations to the Vessel's contractual partners," Complaint ¶ 83, and that the abandonment "was a self-serving rejection of coverage" for the cargo claim, *id.* ¶ 136, rather than allege that the abandonment was an action that caused damage to cargo. *See also* Complaint ¶¶ 84, 98, 135, 143, 156.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

Great Lakes' other claims are based on Defendants' alleged conspiracy to improperly terminate the Vessel's insurance, which does not satisfy the location test of *Grubart*: neither Defendants' associated conduct nor Great Lakes' injury occurred on navigable water, and Great Lakes' "injury suffered on land" was not "caused by a vessel on navigable water," 513 U.S. at 534. Because Great Lakes' claims do not satisfy the location test, we need not determine whether they satisfy the maritime connection test.

We have considered Great Lakes' remaining arguments on appeal and have found in them no basis for reversal. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk